FILED

2022 Mar-30  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NICHOLAS FULTON and**<br>**KATHERINE HARRIS-LOVOY,**<br><br>     **Plaintiffs,**<br><br> **v.**<br><br><br>**DELI MANAGEMENT, INC.,**<br>**d/b/a JASON'S DELI,**<br><br>     **Defendant.** | **Case No. 2:21-CV-00635-RDP** |

## JOINT MOTION FOR STIPULATED JUDGMENT
## APPROVING OFFERS OF JUDGMENT

Plaintiffs Nicholas Fulton and Katherine Harris-Lovoy (hereinafter "Plaintiffs") and

Defendant Deli Management, Inc., d/b/a Jason's Deli ("Defendant") (together, the "Parties"), by

and through their respective undersigned counsel, hereby file this Joint Motion for Stipulated

Judgment Approving the Offers of Judgment, which were accepted by Plaintiff Fulton and

Plaintiff Harris-Lovoy in this case. In support of their joint motion, the Parties state as follows:

**I.      STATEMENT OF FACTS AND SUMMARY OF PROCEEDINGS**

Plaintiffs worked for Defendant at company-owned restaurant locations within this

district as Assistant Manager 3A or 2A ("AM 3A" and "AM 2A"), below the in-store

management levels of Assistant Manager 1A and General Manager. (Doc. 2, ¶ 5-6). Defendant

contends that Plaintiffs' claims are entirely barred by the FLSA's default two-year statute of

limitations, but admits that if Plaintiffs succeeded in carrying their burden of proving a "willful"

violation in order to trigger a third-year limitations period, Plaintiffs would potentially be entitled to some recovery. Plaintiff Fulton worked as an Assistant Manager 2A/3A position for 46 weeks during that third year from April 15, 2016 through April 12, 2017, and Plaintiff Harris-Lovoy worked as an Assistant Manager 2A/3A positions for 38 weeks during that third year from March 16, 2016 through January 18, 2017.

Plaintiffs initially filed their unpaid overtime claims against Defendant as opt-in Plaintiffs in <u>Florence v. Deli Management, Inc., d/b/a Jason's Deli</u> (No. 1:18- cv-04303-SCJ) (N.D. Ga) ("<u>Florence</u>"). Plaintiff Fulton opted-into that action on April 15, 2019. (<u>See</u> <u>Florence</u> [Doc. 57-1], at 2). Plaintiff Harris-Lovoy opted-into that action on March 19, 2019. (<u>See</u> <u>Florence</u> [Doc. 50-1], at 2).

The named and opt-in plaintiffs in <u>Florence</u> obtained discovery from Defendant regarding its policies and practices, including extensive document production and conducting a Rule 30(b)(6) deposition of Defendant's designated representatives. On March 8, 2021, the Court in <u>Florence</u> granted Defendant's motion to decertify the collective and dismissed without prejudice the claims of the opt-in plaintiffs, with tolling through March 28, 2021. Plaintiffs then refiled their claims raised in the Florence action in this Court on May 5, 2021, seeking to recover alleged unpaid minimum wages, overtime pay, liquidated damages, prejudgment interest, costs, and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., alleging that they were misclassified as exempt from the FLSA's overtime pay requirements. (Doc. 1).

## II.    OFFERS OF JUDGMENT

On February 8, 2022, Defendant served Plaintiffs with Offers of Judgment ("Offers") pursuant to Federal Rule of Civil Procedure 68. The gross total of those Offers included any and

all damages sought by Plaintiffs in this matter, including but not limited to unpaid overtime

wages, liquidated damages, attorneys' fees and costs.

1.  Plaintiff Fulton was offered $11,640.43 for 46 work weeks, which consisted of:

    a.  The sum of $2,570.22 shall be paid to Fulton for any unpaid wages during the recovery period (Doc. 15, p. 5);

    b.  The sum of $2,570.21 shall be paid to Fulton for any claim for liquidated damages (2. 15, p. 5); and

    c.  The sum of $6,500 shall be paid to Fulton for reasonable attorneys' fees and costs incurred in connection with his claim made in Florence in this lawsuit (Doc. 15, p. 5).

2.  Plaintiff Harris-Lovoy was offered $10,956.10 for 38 work weeks, which consisted of:

    d.  The sum of $2,228.05 shall be paid to Harris-Lovoy for any unpaid wages during the recovery period (Doc. 16, p. 5);

    e.  The sum of $2,228.05 shall be paid to Harris-Lovoy for any claim for liquidated damages (Doc. 16, p. 5); and

    f.  The sum of $6,500 shall be paid to Harris-Lovoy for reasonable attorneys' fees and costs incurred in connection with his claim made in Florence in this lawsuit (Doc. 16, p. 5).

On February 24, 2022, Plaintiffs Fulton and Harris-Lovoy filed Notices of Acceptance of

Defendant's Offers with this Court. (Docs. 15 and 16).

On February 28, 2022, the Court directed the Parties to submit a motion for approval of

the Offers. (Doc. 17). The Parties now request this Court's entry of a stipulated judgment

approving the Offers.

## III.    ARGUMENT AND CITATION OF AUTHORITY

In order to have an enforceable release of FLSA claims in this Circuit, either the Court or

the U.S. Department of Labor must review and approve agreements settling alleged violations of

the FLSA. <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1353 (11th Cir. 1982) (claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Because the Parties' agreement was not made under the supervision of the Secretary of Labor, "it is valid only if the district court enter[s] a 'stipulated judgment' approving it." <u>Nall v. Mal-Motels, Inc.</u>, 723 F.3d 1304, 1308 (11th Cir. 2013) (citing <u>Lynn's Food</u>, 679 F.2d at 1352-54). While <u>Lynn's Food</u> does not specifically involve approval of Offers of Judgment, the Parties are asking the Court to apply the same factors addressed therein to this case.

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. <u>Lynn's Food</u>, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." <u>Id</u>. at 1354.

Here, the Offers are limited in scope and do not impose any type of confidentiality, non-disparagement, non-rehire, or any other provision that has given courts pause in approving FLSA agreements. <u>See</u>, <u>e.g.</u>, <u>Nichols v. Dollar Tree Stores, Inc.</u>, No. 1:13-CV-88 (WLS), 2013 U.S. Dist. LEXIS 156754 (M.D. Ga. Nov. 1, 2013) (denying approval of FLSA settlement due to pervasive general release, confidentiality, non-disparagement, no-rehire, and similarly onerous provisions); <u>see also</u> <u>Roberts v. A Nat'l Limousine Serv.</u>, No. 1:21-CV-1006-CAP, 2021 U.S. Dist. LEXIS 139222, at *2 (N.D. Ga. May 4, 2021) (denying approval of settlement, ruling "confidentiality provisions are contrary to the purposes of the FLSA"); <u>Wade v. Rowan Cabinet</u>

<u>Co.</u>, No. 1:14-CV-2206-SCJ, 2015 U.S. Dist. LEXIS 188431, at *3 (N.D. Ga. Oct. 8, 2015)

(denying parties' request to file FLSA settlement under seal, requiring public access).

### A.  APPROVAL OF PAYMENT TO PLAINTIFFS

There is a strong presumption in favor of finding a mutual agreement to resolve the case

as fair. <u>See</u> <u>Murchison v. Grand Cypress Hotel Corp.</u>, 13 F.3d 1483, 1486 (11ᵗʰ Cir. 1994)

(noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in

order to conserve judicial resources.").

Throughout this litigation in both actions, Defendant has taken the position that Plaintiffs

were properly classified as exempt under the executive and administrative exemptions when they

worked as AM 2A/3As, but even if held to be non-exempt, Defendant challenges Plaintiffs'

estimated hours worked, asserts that Plaintiffs could not establish a "willful" violation in order to

add a third year to their maximum possible recovery period, and contends that even if Plaintiffs

prevailed, any unpaid damages would have to be calculated by its proposed half-time method

(dividing salary by all hours worked, with overtime premiums owed then calculated at only half

of that regular rate) based on its contention that Plaintiffs' salaries were intended to compensate

them for all hours worked each week.

Obviously, this misclassification case presented the risk that the Court might rule that

Plaintiffs were exempt from the overtime laws, based on arguments by Defendant similar to (but

disputed as to their applicability here by Plaintiffs) those that resulted in a finding that an

employee was exempt under the FLSA's administrative exemption,[1] and/or those that resulted in

---

[1] <u>See</u> <u>Fowler v. OSP Prevention Grp.</u>, Inc, No. 1:17-CV-3911-MHC, 2019 U.S. Dist. LEXIS 236352 (N.D. Ga. May 28, 2019) (granting defendant's motion for summary judgment on administrative exemption).

a judge ruling that a retail store Assistant Manager was exempt under the pre-2004 amendment version of the FLSA's executive exemption.[2] But as an example of Plaintiffs' additional litigation risks in this action, in Mobley v. Shoe Show, Inc., No. CV 2:17-024, 2018 U.S. Dist. LEXIS 213662 (S.D. Ga. Sep. 24, 2018), even though defendant's motion for summary judgment on liability was denied in that retail manager FLSA misclassification case, the court (i) granted defendant summary judgment that plaintiff failed to prove willfulness, thus barring recovery beyond the default two year statute of limitations period, and (ii) ruled that damages, if any, would be calculated by the (disputed) half-time method that Defendant proposes. Thus, if this Court issued the same ruling on those issues in this case, Plaintiffs would have recovered nothing because all of their claims arose within the third year of the limitations period that would only be available to them if they were to prove that a FLSA violation was willful.

Plaintiffs have maintained diametrically opposing positions to Defendant's contentions on each of those litigation issues. See, e.g., Morgan v. Family Dollar Stores, 551 F.3d 1233 (11th Cir. 2008) (affirming jury verdict finding retail Store Managers who spent up to 90% of their working time on non-exempt-type duties were willfully misclassified as exempt, extending recovery period to third year for willful violation); Lee v. Megamart, Inc., 223 F. Supp. 3d 1292, 1306 (N.D. Ga. 2016) (holding, in FLSA retail manager exemption misclassification case, "should a jury find that Plaintiff is not exempt from overtime compensation, the Court will not require it to calculate damages using the fluctuating workweek [half-time] method. Instead, the jury must determine what the salary was intended to compensate and calculate overtime

---

[2] See Jackson v. Advance Auto Parts, Inc., 362 F. Supp. 2d 1323 (N.D. Ga. 2005) (granting defendant's motion for summary judgment, ruling retail store Assistant Manager met executive exemption despite plaintiff's contention that he spent 90% of his working time on non-exempt-type duties).

compensation accordingly."). Plaintiffs' acceptance of the Offers therefore resolves bona fide disputes over potential liability and available damages.

By accepting these Offers, Plaintiffs will be paid a similar per eligible third year workweek that the named plaintiff in the decertified Florence action was paid per eligible third year workweek in the FLSA settlement that was previously approved by a Georgia district court, when adjusted to weight valuation of Florence's third year-only workweeks at approximately one-half the settlement value of her default two-year limitations period workweeks in order to account for greater risk of non-recovery for weeks dependent on Plaintiffs' success in proving both a FLSA violation and that it was willful. (See Florence Order [Doc. 134] and Stipulated Judgment [Doc. 135]).

 Plaintiffs in this re-filed action received similar weekly salaries and alleged working overtime hours with the same frequency as the named plaintiff in the Florence action. Plaintiffs' recovery under these Offers thus falls well within the range of reasonable recoveries for FLSA settlement approval. See, e.g., Giagnacovo v. Covanta Envtl. Sols., LLC, No. CV 119-066, 2020 U.S. Dist. LEXIS 72713, at *5-6 (S.D. Ga. Apr. 24, 2020) (approving as reasonable FLSA settlement that paid plaintiff net amount after fees and costs of 15.55% of total claimed unpaid overtime and liquidated damages in FLSA exemption misclassification case); Dillworth v. Case Farms Processing, Inc., No. 5:08-CV-1694, 2010 U.S. Dist. LEXIS 20446 at *8 (N.D. Ohio Mar. 8, 2010) (opining that recovery of one-third of the owed wages for class members, before deducting attorneys' fees and costs, is "well above" average). Further, other opt-in plaintiffs to the original Florence matter have had their settlement agreements approved. For example, in Ashley Godshalk and Peter Hershaft v. Deli Management, Inc. (No.: 5:21-cv-143), the District Court for the Eastern District of North Carolina approved a settlement agreement providing

plaintiffs an average of 77% of their total claimed unpaid overtime and liquidated damages. (See Godshalk [Doc. 21]). In Brock Hammons v. Deli Management, Inc. (No.: 21-cv-01677), the District Court for the Northern District of Illinois approved a settlement agreement providing plaintiff 69% of his total claimed unpaid overtime and liquidated damages. (See Hammons [Doc. 28]). Finally, in Hattiana Johnson v. Deli Management, Inc. (No.: 1:21-cv-01258-MHC), the District Court for the Northern District of Georgia approved a settlement agreement providing plaintiff 71% of her total claimed unpaid overtime and liquidated damages. (See Johnson [Doc. 19]).

Here, the Parties have taken the same approach as they did in the preceding matters, and this shows that the Offers are a fair and reasonable resolution of the Parties' bona fide disputes. Plaintiffs will receive approximately 75% of their overtime back wages for the maximum three-year limitations period, doubled for full 100% liquidated damages on the back wages amount paid, that would be due for an average 10 overtime hours worked for the full (non-leave) eligible weeks worked, as calculated utilizing Defendant's proposed (but disputed) retroactive half-time damages calculation method.

Each of these damage calculations comprise a reasonable compromise over the issues alleged in both the Florence case, and this litigation.

**B.  APPROVAL OF PAYMENT OF FEES AND COSTS**

The FLSA requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are therefore mandatory for prevailing plaintiffs in FLSA cases. Kreager v. Solomon & Flanagan, P.A., 775 F.2d 1541, 1542 (11th Cir. 1985). The Parties specifically agreed upon the amount to be paid to Plaintiffs' counsel. The total amount

paid to Plaintiffs' counsel – $6,500 per Plaintiff (or $13,000 in total) – is in full compromise for all work done in this matter and in <u>Florence</u>. Plaintiffs' claims were intensely litigated, vigorously defended, and hotly disputed throughout three years of adversarial litigation before the Parties reached this agreement. The Parties agree as to the reasonableness of these numbers.

Regardless, the reasonableness of Plaintiffs' individual net recovery from settlement – approximately 75% of maximum possible overtime wages for an average 10 overtime hours per full week, doubled for 100% liquidated damages, if applying Defendant's proposed (but disputed) half-time calculation method – demonstrates that Plaintiffs' net recovery were not adversely affected by the amount paid for fees and costs incurred on Plaintiffs' individual claims throughout over two years of disputed litigation. <u>See</u>, <u>e.g.</u>, <u>McGee v. Family Dollar Stores of Fla., Inc.</u>, No. 14-14370, 2016 U.S. Dist. LEXIS 99529, at *3 (S.D. Fla. May 18, 2016) (finding a settlement amount of "just $23.00 short of '[t]he actual amount of back wages owed under the half-time theory'" urged by defendant in that exemption misclassification case falls within caselaw holding that full recovery by settlement obviates the need for reviewing fees for reasonableness.).

Moreover, Defendant has contractually agreed to, and does not oppose the amount (or reasonableness of the amount) of, the attorneys' fees, costs and expenses to be paid to Plaintiffs' counsel. <u>See Dail</u>, 391 F. Supp. 2d at 1147 (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, … accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs."). Again, the amount paid from settlement for attorneys' fees, costs, and expenses is also reasonable because Plaintiffs' claims were intensely litigated, vigorously defended, and hotly disputed throughout over two years of litigating Plaintiffs' claims in two federal court actions before the parties resolved Plaintiffs' individual

claims. See, e.g., Lunsford v. Woodforest Nat'l Bank, No. 1:12-cv-103-CAP, 2014 U.S. Dist. LEXIS 200716, at *20 (N.D. Ga. May 19, 2014) (citing Ingram v. Coca-Cola Co., 200 F.R.D. 685, 693 (N.D. Ga. 2001) (approving fees from settlement where court had "no doubt that this case has been adversarial")).

Here, the Court is not being asked to decide for the Parties the amount of attorneys' fees or costs. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorneys' fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee. Dail v. George A. Arab Inc., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005). Because the amount of attorneys' fees and costs to be paid to Plaintiffs' counsel constitutes a reduction from the lodestar amount of attorneys' fees incurred and litigation costs advanced in litigating Plaintiffs' individual claims in this action and the preceding Florence action, the total amount to be paid for attorneys' fees and costs is reasonable. Here, the Parties agree as to the fairness of the Offers and ask that the Court approve.

Finally, because the amount of attorneys' fees and costs to be paid to Plaintiffs' counsel under the Offers constitutes a reduction from the lodestar amount of attorneys' fees incurred and litigation costs advanced in litigating Plaintiffs' individual claims in Florence and subsequently in this refiled action, the amount to be paid for attorneys' fees and costs is reasonable. See, e.g., Rumph v. Jones Septic Tank, Inc., No. 7:19-CV-85 (HL), 2021 U.S. Dist. LEXIS 19063, at *11 (M.D. Ga. Feb. 2, 2021) ("Because the settlement agreement awards counsel a fee just below the lodestar figure, the Court finds that the proposed [attorneys'] fees award is reasonable."); Burroughs v. Honda Mfg. of Ala., LLC, 3 F. Supp. 3d 1277, 1296 & n.11 (N.D. Ala. 2014) (approving attorneys' fees from collective action settlement, finding fee payment from settlement at a 52% reduction from lodestar "clearly is reasonable on its face," noting "[i]t is true that this

[$1,621 per plaintiff] fee award is greater than the recovery many plaintiffs will receive, but this is not unusual in any FLSA case…[g]iven the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.") (citations omitted).

Therefore, the Parties seek approval of payment of fees and costs to Plaintiffs' counsel in the amounts stated in the Offers by entry of stipulated judgment

## IV.    CONCLUSION

For the reasons set forth above and for good cause shown, the Parties respectfully request that this Court enter an order approving the Offers of Judgment and entering Judgment in favor of Plaintiffs in the amounts stated in the respective Offers.

Respectfully submitted this 30th day of March, 2022.

*/s/ Christopher Timmel*
Seth Lesser (admitted pro hac vice)
Christopher Timmel (admitted pro hac vice)
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
T: (914) 934-9200
F: (914) 934-9220
E-mail: seth@klafterlesser.com
christopher.timmel@klafterlesser.com

David A. Hughes
**HARDIN & HUGHES, LLP**
2121 14th Street
Tuscaloosa, Alabama 35401
T: (205) 523-0463
F: (205) 344-6188
E-mail: dhughes@hardinhughes.com


Attorneys for Plaintiffs

*/s/ Christopher Bentley*
Christopher M. Bentley
Florida Bar No.: 052616
Meaghan K. Maus
Florida Bar No.: 1006137
**JOHNSON JACKSON PLLC**
100 N. Tampa St., Suite 2310
Tampa, FL 33602
T: (813) 580-8400
F: (813) 580-8407
Email: cbentley@johnsonjackson.com
mmaus@johnsonjackson.com

Michael E. Turner
**PHELPS DUNBAR LLP**
2001 Park Place North, Suite 700
Birmingham, AL 35203
T: (205) 716-5207
F: (205) 716-5389
Email: michael.turner@phelps.com

Attorneys for Defendant

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on March 30, 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all counsel of record.

<u>*/s/ Christopher M. Bentley*</u>

Christopher M. Bentley